Alex Asil Mashiri, Esq. (SBN 283798)
alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Tamim Jami, Esq. (SBN 311351)
tamim@jamilaw.com
**THE JAMI LAW FIRM P.C.**
3525 Del Mar Heights Rd #941
San Diego, CA 92130
Telephone: (858) 284-0248
Fax: (858) 284-0977

Attorneys for Plaintiff:
ZOHAL ABDURAHMAN

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHAL ABDURAHMAN, individually and on behalf of others similarly situated, | ) Case No. 3:17cv-1080-AJB-BLM |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| vs. | ) **PLAINTIFF ZOHAL** |
| | ) **ABDURAHMAN'S MOTION TO** |
| | ) **COMPEL FURTHER DISCOVERY** |
| ALLTRAN FINANCIAL, LP | ) **RESPONSES** |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

# TABLE OF CONTENTS

**PAGE(S)**

TABLE OF AUTHORITIES……………………………….....….…….….…iii

I.     INTRODUCTION………………………………….…….…..…….…..…1

II.    RELEVANT FACTUAL BACKGROUND……....…..…………….…..3

III.   APPLICABLE LEGAL STANDARD……...…..……….….…..…….5

IV.   ARGUMENT……………………………………….………….5

    A.    Defendant Should Be Compelled to Produce Supplemental Responses to Plaintiff's Interrogatories (Set One)....................................5

         1.    Defendant Should Be Compelled to Produce Supplemental Responses to Interrogatories Numbers 1, 2, 15 and 16…………5

         2.    Defendant Should Be Compelled to Produce Supplemental Responses to Interrogatory Numbers 5, 6, 11, 12, and 17..............6

    B.    Defendant Should Be Compelled to Produce Supplemental Responses to Plaintiff's Request for Production of Documents (Set One)………………………………………………………14

         1.    Defendant Should Be Compelled to Produce Supplemental Responses to Plaintiff's Request for Production of Documents Numbers 1 through 4, 6 through 10, 17, 18, 19 through 23, 26, 27 through 30, and 37 through 50………………….……….....14

         2.    Defendant Should Be Compelled to Produce Supplemental Responses to Plaintiff's Request for Production of Documents Numbers 12, 13, 24, 25, and 35………………….……….….…14

    C.    Defendant Should Be Compelled to Produce Supplemental Responses to Plaintiff's Request for Admissions (Set One)…..............21

         1.    Defendant Should Be Compelled to Produce Supplemental Responses to Plaintiff's Request for Admissions numbers 3 and 6………....…......…..…......…......…......…......….…21

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

i

TABLE OF CONTENTS (Continued)

PAGE(S)

D.      Request For Sanctions against Defendant…………………..............…23

V.      CONCLUSION……………….…………….…………………….……………..…….........24

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

1

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

2

# CASES

3

4

*Akram v. California Business Bureau Inc.*,
    2016 WL 7029262 (S.D. Cal. Oct. 3, 2016) …..………………...………….22

5

6

*Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc.*,
    2017 WL 4005918 (N.D. Ill. Sep. 12, 2017) ………..……….......8, 11, 16, 20

7

8

*Capps v. Singer*,
    2016 WL 6833937 (S.D. Cal. 2016) ……….…………………….....….…9, 17

9

10

*Chubb Integrated Systems Ltd. v. National Bank*,
    103 F.R.D. 52 (D. D.C. Jul 9, 1984) ……………….…….….…7, 11, 16, 20, 22

11

12

*Clark v. Capital Credit & Collection Serv., Inc.*,
    460 F.3d 1162 (9th Cir. 2006) ……………………….…..…..……...……...10

13

14

*E.E.O.C. v.Safeway Store, Inc.*,
    2002 WL 31947153 (N.D. Cal. Sep. 16, 2002)…..………………...8, 11, 16, 20

15

16

*Fjelstad v. American Honda Motor Co., Inc.*,
    762 F.2d 1334 (9th Cir. 1985) ……………………………………………..24

17

18

*Gomez v. Rossi Concrete, Inc.*,
    270 F.R.D. 579 (S.D. Cal. 2010) ………………………………………….23

19

20

*Heilman v. Cook*,
    2017 WL 491737 (S.D. Cal. Feb. 6, 2017) ……..………..…...5, 7, 11, 16, 20, 22

21

22

*Hernandez v. Arctic Glacier USA, Inc.*,
    2017 WL 1957567 (S.D. Cal. May 11, 2017) …………………7, 11, 16, 20, 22

23

24

*Hill v. Asset Acceptance, LLC*,
    2014 WL 3014945 (S.D. Cal. Jul. 3, 2014) …........……………….12, 13, 18

25

26

*Hyde & Drath v. Baker*,
    24 F.3d 1162 (9th Cir. 1994)………………………………………………..24

27

28

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL.: (858) 348-4938
FAX: (858) 348-4939

iii

# TABLE OF AUTHORITIES

**PAGE(S)**

## CASES

*Ikonen v. Hartz Mountain Corp.*,
        122 F.R.D. 258 (S.D. Cal. 1988) …………………………………………..23

*Josephs v. Harris Corp.*,
        677 F.2d 985 (3d Cir.1982) ………………………………...…….…….7, 11

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
        894 F.2d 1482 (5th Cir.1990) …………………………...….….…....16, 20

*Puricelli v.Borough of Morrisville*,
        136 F.R.D. 393 (E.D. Pa. Apr. 26, 1991)……...…...…..…..7, 8, 11, 16, 20, 22

*RealPage, Inc. v. Enter. Risk Control, LLC*,
        2017 WL 1165688 (E.D. Tex. Mar. 29, 2017)..………….…….…..…..8, 16, 20

*Richmark Corp. v. Timber Falling Consultants*,
        959 F.2d 1468 (9th Cir. 1992)..………….........………………….……….1

*Tetravue, Inc. v. St. Paul Fire & Marine Insurance Company*,
        2017 WL 1008788 (S.D. Cal. Mar. 15, 2017) …………………………..5

*United States ex rel. O'Connell v. Chapman Univ.*,
        245 F.R.D. 646, 650 (C.D. Cal. 2007) …………………………………11

## STATUTES

15 U.S.C. § 1692a (6)……………………...……………….……..…….......21, 22

15 U.S.C. § 1692k(a)(2)(B)…………………...…………………….…....13, 18

15 U.S.C. § 1692k(c)……………………...…………………….…….…...10

Fed. R. Civ. P. 23(a)(1) ………………………...……………..…………....23

Fed. R. Civ. P. 26(b)(1)…………………...…………………….……..…..5

Fed. R. Civ. P. 33(a)………………….…...……………….….…….……..5

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

1

## TABLE OF AUTHORITIES (Continued)

**PAGE(S)**

2

**STATUTES**

3

Fed. R. Civ. P. 34(a)……………………...………………………...………...5

4

Fed. R. Civ. P. 36(a)……………………...………………………...………...5

5

6

Fed. R. Civ. P. 37(a)(1)……………………...……………………....…...……5

7

Fed. R. Civ. Proc. 37(b)(2)(A) …………………….…................................23

8

Fed. R. Civ. Proc. 37(b)(2)(C) ……………….................…...................23

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

v

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

# I.   __INTRODUCTION__

The reasonable man adapts himself to the situation; the unreasonable one persists in trying to adapt the situation to himself.

After Plaintiff's counsel graciously gave Defendant's counsel several extensions and opportunities to provide adequate and complete discovery responses, Defendant failed to do so.  As a result, Plaintiff is now forced to file this motion to compel *supplemental* discovery responses ("Motion") and seek sanctions against Defendant.

By way of background, Plaintiff filed this class action case against Defendant under the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA") alleging that Defendant sent out a deceptive collection notice to California consumers.

Plaintiff propounded Interrogatories (Set One), Request for Production of Documents (Set One), and Request for Admissions (Set One) on Defendant.  Because Defendant did not provide any responses, Plaintiff's counsel, Mr. Alex Asil Mashiri, reached out to defense counsel, Mr. Michael Hornback,[1] to inquire about Defendant's discovery responses.  Mr. Hornback informed Mr. Mashiri that his firm made a calendaring mistake and failed to notate the discovery due date as September 24, 2017.

Instead of forcing Defendant to provide discovery responses without objections[2] via a motion to compel, Mr. Mashiri graciously gave Mr. Hornback until October 10, 2017 to provide the discovery responses.  No responses were received by October 10, 2017 either.

On October 11, 2017, Defendant ultimately provided its discovery responses, which contained numerous boilerplate objections.  As a result, Mr. Mashiri, reached

---

[1] Although Mr. T. Hall Brehme IV is Defendant's local counsel, Mr. Mashiri has been dealing with Mr. Hornback, who apparently is general counsel for Defendant and handles the discovery issues.

[2] Generally, when a party fails to provide timely discovery responses all objections are waived. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

MEMORANDUM OF POINTS AND AUTHORITIES

out to defense counsel, Mr. Hornback, in an attempt to informally resolve the discovery dispute.

A telephonic meet and confer took place on October 17, 2017.  During the telephonic meet and confer, Mr. Hornback agreed to the following:

### Interrogatories

1.    Defendant would produce *supplemental* responses to Plaintiff's Interrogatories numbers **1, 2, 15,** and **16** <u>within 10 days</u> (i.e. by October 27, 2017;

2.    Mr. Hornback would get back to Mr. Mashiri within 10 days as to whether Defendant would provide *supplemental* responses to Interrogatories numbers **5, 6, 11, 12, 14,** and **17**.

### Request for Production of Documents

1.    Defendant would produce *supplemental* responses which comply with Rule 34 to Request for Production of Documents (Set One) numbers **1 through 4, 6 through 10, 17, 18, 19 through 23, 26, 27 through 30,** and **37 through 50** within 10 days (i.e. by October 27, 2017);

2.    Mr. Hornback would get back to Mr. Mashiri within 10 days as to whether Defendant would provide *supplemental* responses to Plaintiff's Request for Production of Documents Numbers **12, 13, 24, 25,** and **35**.

### Request for Admissions

1.    Mr. Hornback would get back to Mr. Mashiri within 10 days as to whether Defendant would provide *supplemental* responses to Plaintiff's Request for Admissions numbers **3** and **6.**

*See* <u>Mashiri Decl</u>. ¶ 14.

Defendant neither produced the promised *supplemental* responses, nor did Mr. Hornback get back to Mr. Mashiri as he had promised.  Thereinafter, and as indicated in the Relevant Factual Background infra, Mr. Mashiri followed up with Mr. Hornback several times regarding Defendant's discovery responses.  To this date, no *supplemental* responses have been provided, nor has Mr. Hornback gotten back to Mr. Mashiri, as he previously promised.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MEMORANDUM OF POINTS AND AUTHORITIES

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

In this Motion, Plaintiff respectfully request that this Court compel Defendant to provide *Supplemental* responses to: (1) Interrogatories numbers **1, 2, 5, 6, 11, 12, 14, 15**, and **16;** (2) Request for Production of Documents numbers **1 through 4, 6 through 10, 12, 13, 17, 18, 19 through 23, 24, 25, 26, 27 through 30, 35** and **37 through 50;** and (3) Request for Admissions numbers **3** and **6**.

Plaintiff is also requesting sanctions under Rule 37 in the amount of $2,700.00 for being forced to bring this Motion.

## II.   RELEVANT FACTUAL BACKGROUND

On August 21, 2017, Plaintiff Zohal Abdurahman ("Plaintiff"), via her counsel, Mr. Mashiri, propounded (1) Interrogatories (Set One), (2) Request for Production of Documents (Set One), and Request for Admissions (Set One) on Defendant Alltran Financial LP ("Defendant").  <u>Mashiri Decl</u>. ¶ 5.  Discovery responses were due on September 24, 2017[3].

Plaintiff's counsel did not receive Defendant's discovery responses on September 24, 2017.  As a result, Mr. Mashiri reached out to Mr. Hornback via email, on September 27, 2017, inquiring about Defendant's discovery responses.  <u>Mashiri Decl</u>. ¶ 6.

That same day, Mr. Mashiri and Mr. Hornback had a telephonic discussion regarding Defendant's discovery responses.  Mr. Hornback informed Mr. Mashiri that his firm made a calendaring mistake and failed to notate the discovery due date as September 24, 2017.  <u>Mashiri Decl</u>. ¶ 7.

Instead of forcing Defendant to provide responses without objections, Mr. Mashiri was sensitive to the fact that calendaring mistakes happen and graciously gave Mr. Hornback until October 10, 2017 to provide the discovery responses.  <u>Mashiri Decl</u>. ¶ 8.

No responses were provided on October 10, 2017.  Instead, Defendant provided

---

[3] Responses were due within 33 days (30 days +3 days for mailing).

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

discovery responses on October 11, 2017, a day late[4], and even then, consisting of numerous boilerplate objections. <u>Mashiri Decl</u>. ¶ 9; *also see* Exhs. 1, 2, 3.

On October 11, 2017, Mr. Mashiri emailed Mr. Hornback and Mr. Brehme a detailed written outline as to why Defendant's discovery responses are inadequate and incomplete. This written outline was to be used during the telephonic meet and confer in order to make the meet and confer process more productive and efficient. <u>Mashiri Decl</u>. ¶ 13.

On October 17, 2017, Mr. Mashiri and Mr. Hornback met and conferred telephonically regarding Defendant's discovery responses. <u>Mashiri Decl</u>. ¶ 14. That same day, Mr. Mashiri sent a follow up email to Mr. Hornback and Mr. Brehme memorializing the discussion that took place via telephone. <u>Mashiri Decl</u>. ¶ 15; *also see* Exh. 4.

Although Defendant promised it would produce documents by October 24, 2017, nothing was produced, and Mr. Mashiri never heard back from Mr. Hornback. As such, Mr. Mashiri emailed Mr. Hornback on October 27, 2017 to follow up on the October 17th email memorializing the agreement they had reached during the meet and confer. Mr. Hornback did not respond. <u>Mashiri Decl</u>. ¶ 16.

On October 30, 2017, Mr. Mashiri sent a follow up email to his October 27, 2017 email. That same day, Mr. Hornback responded, informing Mr. Mashiri that his client's point of contact was out of the office due to an illness. <u>Mashiri Decl</u>. ¶ 17.

That same day, Mr. Mashiri emailed Mr. Hornback, once again extending the deadline to November 2, 2017 due to his client's illness. No responses were received and Mr. Hornback never got back to Mr. Mashiri. <u>Mashiri Decl</u>. ¶ 18.

On November 2, 2017, Mr. Mashiri emailed Mr. Hornback inquiring about the *supplemental* responses. Mr. Hornback did not respond. <u>Mashiri Decl</u>. ¶ 19.

On November 3, 2017, Mr. Mashiri emailed Mr. Hornback again inquiring

---

[4] Because Defendant served its responses a day late, Mr. Mashiri could have forced Defendant to provide responses without objections. *See Richmark Corp.,* 959 F.2d at 1473. But again Mr. Mashiri did not do so in order to keep the discovery process reasonable and productive.

MEMORANDUM OF POINTS AND AUTHORITIES

about the *supplemental* responses and giving Defendant until November 6, 2017 to provide *supplemental* responses or else Plaintiff would file a motion to compel.  Mr. Hornback did not respond.  <u>Mashiri Decl</u>. ¶ 20.

On November 7, 2017, Mr. Mashiri informed the Court about the discovery dispute.  On November 8, 2017, Mr. Mashiri and Mr. Hornback spoke to Honorable Judge Major's clerk.  <u>Mashiri Decl</u>. ¶¶ 21-22.  This Motion followed.

### III.   <u>APPLICABLE LEGAL STANDARD</u>

Any party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1).  This discovery can be obtained via Interrogatories, Request for Production of Documents, and/or Request for Admissions.  *See* Fed. R. Civ. P. 33(a), 34(a), 36(a).

The requesting party, who is dissatisfied with any responses, may file a motion to compel further responses.  *See* Fed. R. Civ. P. 37(a)(1); *Tetravue, Inc. v. St. Paul Fire & Marine Insurance Company*, 2017 WL 1008788 at *2 (S.D. Cal. Mar. 15, 2017); *Heilman v. Cook*, 2017 WL 491737 at *1 (S.D. Cal. Feb. 6, 2017).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26." *Tetravue, Inc.,* 2017 WL 1008788 at *2.  Once the moving party satisfies this burden, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of 'clarifying, explaining, and supporting its objections.'" *Tetravue, Inc.,* 2017 WL 1008788 at *2.

### IV.   ARGUMENT

**A.**   **<u>Defendant Should Be Compelled to Produce *Supplemental* Responses to Plaintiff's Interrogatories (Set One)</u>**

    **1.**   **Defendant Should Be Compelled to Produce *Supplemental* Responses to Interrogatories Numbers 1, 2, 15 and 16**

Defendant, via its counsel Mr. Hornback, agreed during the October 17, 2017

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

telephonic meet and confer, to provide *supplemental* responses to Plaintiff's Interrogatories (Set One) numbers 1, 2, 15 and 16 within 10 days (October 27, 2017). Mashiri Decl. ¶ 14; Exh. 4. As of this date, Defendant has not produced the promised *supplemental* responses.

Accordingly, Plaintiff respectfully requests that his Court order Defendant to provide *supplemental* responses to Plaintiff's Interrogatory numbers **1, 2, 15,** and **16** by no later than November 20, 2017, as indicated in this Court's November 9, 2017 Order. *See* Doc. No. 11.

### 2. Defendant Should Be Compelled to Produce *Supplemental* Responses to Interrogatory Numbers 5, 6, 11, 12, and 17.

During the telephonic meet and confer, Defendant's counsel Mr. Hornback promised that he would check with the Defendant as to whether it would provide *supplemental* responses to Plaintiff's Interrogatories **5, 6, 11, 12, 14,** and **17**. Mr. Hornback told Mr. Mashiri that he would get back to him within 10 days. Mashiri Decl. ¶ 14; Exh. 4. Mr. Hornback never got back to Mr. Mashiri as promised. Since Plaintiff is unsure whether or not Defendant will produce *supplemental* responses to these interrogatories, she is forced to bring this motion.

Accordingly, for the reasons stated below, this Court should compel Defendant to provide *supplemental* responses to Plaintiff's Interrogatories (Set One) numbers **5, 6, 11, 12,** and **17**.

### INTERROGATORY NO. 5:

State the number of consumers with addresses within the state of California to whom YOU sent any collection letters in the form represented by EXHIBIT 1, at any time on or after November 9, 2016.

### RESPONSE TO INTERROGATORY NO. 5:

Alltran objects to this Interrogatory as premature; as no class has yet been certified in this matter. Alltran further objects to this Interrogatory and being overly burdensome and not narrowly tailored to lead to discoverable information. Plaintiff's allegations arise not from the form of the letter

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

represented in EXHIBIT 1, but are based on the failure to disclose that Plaintiff's debt was subject to interest or fees that were not disclosed in the letter.  Hence, if a debtor's balance remains static. The letter falls outside the scope of Plaintiff's allegations.  Subject to and without waiving said objections, Alltran lacks sufficient information or knowledge to respond to this Interrogatory at this time as investigation continues.

## DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES

### a.    Relevancy

This is a class action case under the FDCPA.  This Interrogatory is relevant because to certify a class, Plaintiff needs to satisfy the numerosity requirement under Rule 23(a)(1).  Without this information, Plaintiff would be unable to satisfy the numerosity element.   Therefore, Plaintiff needs to know how many California residents received the collection letter at issue so that she can determine whether the numerosity element is satisfied.

### b.    Defendant's Response and Objections are Meritless

First, Defendant's objection that this Interrogatory is premature defies logic.  At this stage, it is imperative to obtain this information in order to file the imminent motion to certify and satisfy its requisite numerosity element.   In other words, this information is necessary to get the case certified.

Second, Defendant's burdensome objection is also meritless.  Defendant must state an objection with specificity.  *Hernandez v. Arctic Glacier USA, Inc*., 2017 WL 1957567, at *3 (S.D. Cal. May 11, 2017).  In other words, Defendant must state facts to support its objection and show how this interrogatory is burdensome.  *Id*.; *Puricelli v. Borough of Morrisville*, 136 F.R.D. 393, 396 (E.D. Pa. Apr. 26, 1991); *Chubb Integrated Systems Ltd. v. National Bank*, 103 F.R.D. 52, 67 (D. D.C. Jul 9, 1984) (objecting party "must show specifically how an interrogatory is overly broad, burdensome or oppressive"); *Heilman,* 2017 WL 491737 at *1 ("the party opposing discovery.......has the burden of clarifying, explaining and supporting its objections with competent evidence").

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MEMORANDUM OF POINTS AND AUTHORITIES

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

Defendant has failed to state a single fact in support of its position that this interrogatory is burdensome. This is improper. *Josephs v. Harris Corp.*, 677 F.2d 985, 991–92 (3d Cir.1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory.")

Additionally, general objections without any factual support are tantamount to no objection at all. *See Bankdirect Capital Fin., LLC v. Capital Premium Fin., Inc*., 2017 WL 4005918, at *2 (N.D. Ill. Sep. 12, 2017); *RealPage, Inc. v. Enter. Risk Control, LLC*, 2017 WL 1165688, at *3 (E.D. Tex. Mar. 29, 2017); *E.E.O.C. v. Safeway Store, Inc*., 2002 WL 31947153, *2–3 (N.D. Cal. Sep. 16, 2002); *Puricelli*, 136 F.R.D. at 396.

<u>Third</u>, Defendant's statement that: "Plaintiff's allegations arise not from the form of the letter represented in EXHIBIT 1, but are based on the failure to disclose that Plaintiff's debt was subject to interest or fees that were not disclosed in the letter. Hence, if a debtor's balance remains static, the letter falls outside the scope of Plaintiff's allegations" is not only confusing, it is meritless.

During the October 17, 2017 meet and confer, Mr. Mashiri clarified that Plaintiff is requesting the number of consumers who have received the same or substantial same form collection notice as Plaintiff, which is attached as Exhibit 1 to the Complaint. In other words, Plaintiff wants to know the number of consumers who have received a collection notice in which Defendant did not include language that the amount of the debt was subject to increase due to accruing interest, late charges, or other fees. Mr. Mashiri made it clear that this pertains only to the consumers whose debts were actually increasing due to interest, late charges or other fees, but who received a collection notice (like the Plaintiff) that did not include language that the amount of the debt was subject to increase due to accruing interest, late charges, or other fees.

<u>Finally</u>, Defendant's response that it "lacks sufficient information" is absurd,

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

conclusory and without any factual support.  Defendant can easily look at its own records and determine how many California residents it sent the same or substantial similar form collection notice to.

As such, the Court should compel Defendant to provide *supplemental* responses.

**INTERROGATORY NO. 6:**

IDENTIFY of each consumer with an address within the state of California to whom YOU sent any collection letters in the form represented by EXHIBIT 1, at any time on or after May 25, 2016.

**RESPONSE TO INTERROGATORY NO. 6:**

Alltran objects to this Interrogatory as premature, as no class has yet been certified in this matter.  Alltran further objects to this Interrogatory and being overly burdensome and not narrowly tailored to lead to discoverable information.  Plaintiff's allegations arise not from the form of the letter represented in EXHIBIT 1, but are based on the failure to disclose that Plaintiff's debt was subject to interest or fees that were not disclosed in the letter.  Hence, if a debtor's balance remains static, the letter falls outside the scope of Plaintiff's allegations.  Subject to and without waiving said objections, Alltran lacks sufficient information or knowledge to fairly respond to this Interrogatory at this time as investigation continues.

**DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES**

**a.    Relevancy**

This interrogatory is relevant for the same reason as Interrogatory number 5. This interrogatory is also relevant in order to satisfy the ascertainability requirement. *See Capps v. Singer*, 2016 WL 6833937 at * 3 (S.D. Cal. 2016) (a "party seeking class certification must demonstrate that an identifiable and ascertainable class exists.")  Additionally, it is relevant because Plaintiff needs to know the identities of the consumers so that they can be provided with proper class notice.

**b.    Defendant's Response and Objections are Meritless**

Defendant's response and objections are meritless for the same reasons discussed in Interrogatory number 5.

MEMORANDUM OF POINTS AND AUTHORITIES

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

Defendant's response that it "lacks sufficient information" is absurd, conclusory and without any factual support.  Defendant can easily look at its own records and determine the identities of the consumers to whom it sent the same or substantially similar collection notice as it sent to Plaintiff.

As such, the Court should compel Defendant to provide *supplemental* responses.

**INTERROGATORY NO. 11:**

Explain in detail DEFENDANT'S maintenance of procedures reasonably adapted to avoid violations of the FDCPA.

**RESPONSE TO INTERROGATORY NO. 11:**

Alltran objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible and/or relevant evidence.  Alltran further objects to the extent that this Interrogatory calls for a narrative response which is better suited to be the subject of a deposition. Alltran further objects to the extent that this Interrogatory is premature, as investigation and discovery are ongoing.  Subject to and without waiving said objections, investigation continues.

**DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES**

**a.    Relevancy**

This is a class action case under the FDCPA.  This interrogatory is relevant because Defendant asserted a bona fide error[5] defense in its Answer.  *See* Doc. No. 4 (Fifth Affirmative Defense).  Therefore, Plaintiff has every right to inquire about Defendant's bona fide error defense.

**b.    Defendant's Response and Objections are Meritless**

First, Defendant's overly broad, unduly burdensome, and calls for narrative objections are meritless.  Defendant must state an objection with specificity.

_____

[5] Under the bona fide error defense, a debt collector can avoid liability if it can show "by a preponderance of evidence" that the violation was: (1) Unintentional; (2) Resulted from a bona fide error; and (3) occurred notwithstanding the maintenance of procedures reasonably adapted to avoid the error at issue.  *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1176-77 (9th Cir. 2006); 15 U.S.C. § 1692k(c).

*Hernandez,* 2017 WL 1957567, at \*3. In other words, Defendant must state facts to support its objection and show how this interrogatory is overly broad, unduly burdensome, and calls for narrative. *Id.*; *Puricelli,* 136 F.R.D. at 396; *Chubb,* F.R.D. at 67 (objecting party "must show specifically how an interrogatory is overly broad, burdensome or oppressive"); *Heilman,* 2017 WL 491737 at \*1 ("the party opposing discovery.......has the burden of clarifying, explaining and supporting its objections with competent evidence").

Defendant has failed to state a single fact in support of its position that this interrogatory is overly broad, unduly burdensome and calls for narrative. This is improper. *Josephs,* 677 F.2d at 991–92 ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory.")

Additionally, general objections without any factual support are tantamount to no objection at all. *See Bankdirect Capital Fin, Inc.,* 2017 WL 4005918 at \*2; *RealPage, Inc.,* 2017 WL 1165688 at \*3; *E.E.O.C.,* 2002 WL 31947153 at \*2–3; *Puricelli,* 136 F.R.D. at 396.

<u>Second</u>, Defendant's objection that this interrogatory is premature is also meritless. Aside from the fact that this is not even a proper objection, Defendant asserted a bona fide error defense in its Answer and should therefore have enough information to respond to this Interrogatory. In fact, under Rule 11, Defendant is required to have a basis for each affirmative defense it asserts in its Answer. *See e.g. United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (rejecting an objection that "discovery has only just begun.") Furthermore, simply stating that this Interrogatory is premature without any factual support is improper. *Hernandez,* 2017 WL 1957567, at \*3; *Puricelli,* 136 F.R.D. at 396; *Heilman,* 2017 WL 491737 at \*1.

<u>Finally</u>, the fact that Plaintiff may be able to obtain this information during a deposition does not mean Defendant can refuse to provide responses to this

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

Interrogatory. *See Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *9 (S.D. Cal. Jul. 3, 2014) ("Defendant cannot attempt to avoid its discovery obligations by repeatedly arguing that Plaintiff should obtain the requested information via some other discovery method").

As such, the Court should compel Defendant to provide *supplemental* responses.

**INTERROGATORY NO. 12:**

Please state in detail all facts relating to YOUR policies and procedures for ensuring compliance with the FDCPA between the dates of May 25, 2016 to the present.

**RESPONSE TO INTERROGATORY NO. 12:**

Alltran objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible and/or relevant evidence, and calls for the disclosure of proprietary information.   Alltran further objects to the extent that this interrogatory calls for a narrative response which is better suited to be the subject of a deposition.  Alltran finally objects to the extent this Interrogatory is premature, as discovery and investigation are still ongoing as to Alltran's possible defenses.  Subject to and without waiving said objections, investigation continues.

**DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES**

**a.      Relevancy**

This interrogatory is relevant for the same reasons as Interrogatory number 11 because it relates to Defendant's bona fide error defense asserted in its Answer.

**b.      Defendant's Response and Objections are Meritless**

Defendant's response and boilerplate objections are improper for the same reasons as discussed in Interrogatory number 11.

**INTERROGATORY NO. 17:**

Please state in detail YOUR present net worth and how it was computed, including, YOUR profit before taxes, interest expense, Depreciation (Amortization), and Controlling shareholder's excess benefits.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

**RESPONSE TO INTERROGATORY NO. 17:**

Alltran objects to the extent its net worth information is only relevant upon a finding of liability and the certification of a class, neither of which have yet occurred in this case, and this Interrogatory is therefore premature. Alltran further objects to the extent its net worth information is not publicly available knowledge and could cause Alltran a competitive injury if publicly exposed, therefore constituting a sensitive and confidential trade secret in the absence of an agreed protective order.

**DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES**

a.    **Relevancy**

This interrogatory is relevant because information regarding Defendant's net worth is required in order to show how much damages Plaintiff can seek in this class action lawsuit under 15 U.S.C. section 1692k(a)(2)(B).

In other words, the calculation of Defendant's net worth is important in determining the amount of exposure that Defendant has, as well as the total amount of money that can be allocated to the various Class members. This calculation is relevant to Plaintiff's inevitable Motion for Class Certification, so that Plaintiff can inform the Court of how and why Class Certification is fair to the proposed Classes. Without this information, Plaintiff's motion will be defective in that Plaintiff will not be able to show that there exist sufficient funds to properly compensate each Class member, as well as the amount that each member would receive.

Finally, this information is necessary to determine whether a class action lawsuit is the superior method.

b.    **Defendant's Response and Objections are Meritless**

First, Defendant's premature objection is factually unsupported and without any merit. In fact, this objection is inconsistent with this Court's precedent. For example, in *Hill*, 2014 WL 3014945 at *13, Judge Major, who cited to numerous cases, made it clear "that net worth is a relevant area of inquiry in FDCPA class actions even before a class has been certified."

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

<u>Second</u>, Defendant's confidentiality/trade secret objection is absurd and notably, a perfect example of a boilerplate objection.  Prior to Defendant providing discovery responses, this Court entered a protective order pursuant to the parties' stipulation.  Since a protective order is in place, Defendant must provide *supplemental* responses.

**B.    <u>Defendant Should Be Compelled to Produce *Supplemental* Responses to Plaintiff's Request for Production of Documents (Set One)</u>**

**1.    Defendant Should Be Compelled to Produce *Supplemental* Responses to Plaintiff's Request for Production of Documents Numbers 1 through 4, 6 through 10, 17, 18, 19 through 23, 26, 27 through 30, and 37 through 50**

Defendant, via its counsel Mr. Hornback, agreed, during the October 17, 2017 telephonic meet and confer, to provide *supplemental* responses which comply with Rule 34 to Plaintiff's Request for Production of Documents (Set One) numbers 1 through 4, 6 through 10, 17, 18, 19 through 23, 26, 27 through 30, and 37 through 50 within 10 days (October 27, 2017).  <u>Mashiri Decl</u>. ¶ 14; Exh. 4.  As of this date, Defendant has not produced the promised *supplemental* responses.

Accordingly, Plaintiff respectfully requests that this Court order Defendant to provide *supplemental* responses to Plaintiff's Request for Production of Documents (Set One) numbers **1 through 4, 6 through 10, 17, 18, 19 through 23, 26, 27 through 30,** and **37 through 50** by no later than November 20, 2017, as indicated in this Court's November 9, 2017 Order.  *See* Doc. No. 11.

**2.    Defendant Should Be Compelled to Produce *Supplemental* Responses to Plaintiff's Request for Production of Documents Numbers 12, 13, 24, 25, and 35**

During the telephonic meet and confer, Defendant's counsel, Mr. Hornback, promised that he would check with the Defendant as to whether it would provide *supplemental* responses to Plaintiff's Request for Production of Documents Numbers 12, 13, 24, 25, and 35.  Mr. Hornback informed Mr. Mashiri that he would get back to

him within 10 days.  <u>Mashiri Decl</u>. ¶ 14; Exh. 4.  Mr. Hornback never got back to Mr. Mashiri as promised.  Since Plaintiff is unsure whether or not Defendant will produce *supplemental* responses to these requests, she is forced to bring this motion.

In any event, for the reasons stated below, this Court should compel Defendant to provide *supplemental* responses to Plaintiff's Request for Production of Documents numbers **12, 13, 24, 25,** and **35.**

## REQUEST FOR PRODUCTION OF DOCUMENT NO. 12:

Please produce any and all DOCUMENTS that reveal the number of letters, in the form represented by EXHIBIT 1, sent by DEFENDANT to California consumers at any time on or after May 25, 2016.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO. 12:

Alltran objects to the extent this Request is premature, overly broad, and unduly burdensome, as no class has yet been certified or is likely to be certified, and upon information and belief, to the extent such a class is ascertainable and the numerosity calculable, obtaining such information would likely be unduly burdensome to Alltran.  Subject to and without waiving said objections, the investigation continues.

## DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES

### a.   <u>Relevancy</u>

This is a class action case under the FDCPA.  This request is relevant because to certify a class, Plaintiff needs to satisfy the numerosity requirement under Rule 23(a)(1).  Without this information, Plaintiff would be unable to satisfy the numerosity element.  Therefore, Plaintiff needs to know how many California residents received the collection letter at issue so that she can determine whether the numerosity element is satisfied.

### b.   <u>Defendant's Response and Objections are Meritless</u>

<u>First</u>, Defendant's objection that this request is premature defies logic.  At this stage, it is imperative to obtain this information in order to file the imminent motion

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

to certify and satisfy its requisite numerosity element.   In other words, this information is necessary to get the case certified.

Second, Defendant's premature, overly broad, and unduly burdensome objections are meritless.   Defendant must state an objection with specificity. *Hernandez,* 2017 WL 1957567, at *3. In other words, Defendant must state facts to support its objection and show how this request is premature, overly broad, and unduly burdensome.  *Id.*; *Puricelli,* 136 F.R.D. at 396; *Chubb,* F.R.D. at 67 *Heilman,* 2017 WL 491737 at *1.

Defendant has failed to state a single fact in support of its position that this request is premature, overly broad, unduly burdensome. This is improper.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable).

Additionally, general objections without any factual support are tantamount to no objection at all.  *See Bankdirect Capital Fin, Inc*., 2017 WL 4005918 at *2; *RealPage, Inc.,* 2017 WL 1165688 at *3; *E.E.O.C.,* 2002 WL 31947153 at *2–3; *Puricelli,* 136 F.R.D. at 396.

As such, the Court should compel Defendant to provide *supplemental* responses.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 13:**

Please produce any and all DOCUMENTS showing the names and addresses of persons in the state of California who were sent any collection letters in the form represented by EXHIBIT 1, at any time on or after May 25, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO. 13:**

Alltran objects to the extent this Request is premature, overly broad, and unduly burdensome, as no class has yet been certified or is likely to be certified, and upon information and belief, to the extent such a class is ascertainable and the numerosity calculable, obtaining such information would

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

likely be unduly burdensome to Alltran.  Alltran further objects to the extent this Request calls for the production of sensitive personal information concerning non-parties to the litigation in the absence of a certified class. Subject to and without waiving said objections, Alltran lack sufficient information or knowledge to form a belief as to the truth of these allegations and therefore denies the same.

## DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES

### a.  <u>Relevancy</u>

This request is relevant for the same reason as Request number 12. This request is also relevant in order to satisfy the ascertainability requirement.  *Capps,* 2016 WL 6833937 at * 3 (a "party seeking class certification must demonstrate that an identifiable and ascertainable class exists.")  Additionally, it is relevant because Plaintiff needs to know the identities of the consumers so that they can be provided with proper class notice.

### b.  <u>Defendant's Response and Objections are Meritless</u>

<u>First</u>, Defendant's response and boilerplate objections are meritless for the same reasons discussed in Request number 12.

<u>Second</u>, Defendant's boilerplate objection that this Request seeks "sensitive personal information" is meritless because the parties have entered into a mutual protective order, which protects private information.

<u>Finally</u>, Defendant's statement "Subject to and without waiving said objections, Alltran lack sufficient information or knowledge to form a belief as to the truth of these allegations and therefore denies the same", <u>seems to be a cut and paste from its responses to Plaintiff's Request for Admissions, which is another example of its boilerplate objection.</u>

As such, the Court should compel Defendant to provide *supplemental* responses.

## REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:

Please produce any and all DOCUMENTS showing DEFENDANT's present net worth.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO. 24:**

Objection.  Alltran's net worth is not publically known and could cause it competitive disadvantage if publically disclosed.  Objecting further, Alltran's net worth neither relevant nor probative to any of the claims or defenses presented in this lawsuit, and premature in light of the lack of a certified class.

**DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES**

**a.    Relevancy**

Documentation regarding Defendant's net worth is relevant as to how much damages Plaintiff can seek in this class action lawsuit under 15 U.S.C. section 1692k(a)(2)(B).

In other words, the calculation of Defendant's net worth is important in determining the amount of exposure that Defendant has, as well as the total amount of money that can be allocated to the various Class members.  This calculation is relevant to Plaintiff's inevitable Motion for Class Certification, so that Plaintiff can inform the Court of how and why Class Certification is fair to the proposed Classes.  Without this information, Plaintiff's motion will be defective in that Plaintiff will not be able to show that there exists sufficient funds to properly compensate each Class member, as well as the amount that each member would receive.

**b.    Defendant's Response and Objections are Meritless**

First, Defendant's premature objection is factually unsupported and without any merit.  In fact, this objection is inconsistent with this Court's precedent.  For example, in *Hill,* 2014 WL 3014945 at *13, Judge Major, who cited to numerous cases, made it clear "that net worth is a relevant area of inquiry in FDCPA class actions even before a class has been certified."

Second, Defendant's purported privacy objection is absurd.  Prior to Defendant providing discovery responses, this court entered a protective order pursuant to the parties' stipulation.  Since a protective order is in place, Defendant must provide

1 | *supplemental* responses.

2 | As such, the Court should compel Defendant to provide *supplemental*

3 | responses.

4 | **REQUEST FOR PRODUCTION OF DOCUMENT NO. 25:**

5 | Please produce any and all DOCUMENTS supporting YOUR contention, if

6 | YOU so contend, that one (1) percent of YOUR net worth is less than

7 | $500,000.00.

8 | **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO.**

9 | **25:**

10 | Objection.  Alltran's net worth is not publicly known and could cause it

11 | competitive disadvantage if publically disclosed.  Objecting further, Alltran's

12 | net worth neither relevant nor probative to any of the claims or defenses presented in this lawsuit, and premature in light of the lack of a certified class.

13 | **DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES**

14 | **a.**   **Relevancy**

15 | This request is relevant for the same reasons as Request number 24 because it

16 | relates to Defendant's net worth.

17 | **b.**   **Defendant's Response and Objections are Meritless**

18 | Defendant's response and boilerplate objections are improper for the same

19 | reasons as discussed in Request number 24.

20 | As such, the Court should compel Defendant to provide *supplemental*

21 | responses.

22 | **REQUEST FOR PRODUCTION OF DOCUMENT NO. 35:**

23 |

24 | Please produce any and all DOCUMENTS concerning YOUR procedures

25 | reasonably adapted to avoid any violation of the FDCPA as alleged in PLAINTIFF'S COMPLAINT.

26 | **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO.**

27 | **35:**

28 | Alltran objects to this Request as overly broad, unduly burdensome, not

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

reasonably calculated to lead to the discovery of admissible and/or relevant evidence, and seeks the disclosure or proprietary information. Specifically and amongst other issues, this Request seeks "any and all" manuals, instructions, guidelines, or documents of any type "with respect to debt collection," which likely could be interpreted so broadly as to refer to virtually every document Alltran maintains of any nature whatsoever, and is unduly burdensome as a result.

### a.  <u>Relevancy</u>

This is a class action case under the FDCPA. This request is relevant because Defendant asserted a bona fide error defense in its Answer. *See* Doc. No. 4 (Fifth Affirmative Defense). Therefore, Plaintiff has every right to inquire about Defendant's bona fide error defense.

### b.  <u>Defendant's Response and Objections are Meritless</u>

<u>First</u>, Defendant's overly broad, unduly burdensome, and irrelevant objections are meritless. Defendant must state an objection with specificity. *Hernandez,* 2017 WL 1957567, at *3. In other words, Defendant must state facts to support its objection and show how this request is premature, overly broad, and unduly burdensome. *Id.*; *Puricelli,* 136 F.R.D. at 396; *Chubb,* F.R.D. at 67 *Heilman,* 2017 WL 491737 at *1.

Defendant has failed to state a single fact in support of its position that this Request is overly broad, unduly burdensome and calls for narrative. This is improper. *Quarles*, 894 F.2d at 1485 (objections that requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet party's burden to explain why discovery requests were objectionable).

Additionally, general objections without any factual support are tantamount to no objection at all. *See Bankdirect Capital Fin, Inc*., 2017 WL 4005918 at *2; *RealPage, Inc.,* 2017 WL 1165688 at *3; *E.E.O.C.,* 2002 WL 31947153 at *2–3; *Puricelli,* 136 F.R.D. at 396.

<u>Second</u>, Defendant's contention that this Request is too broad is also meritless. This Request specifically seeks documents pertaining to its bona fide error defense to avoid the violations *alleged in the complaint.* Clearly, it is limited to the allegations

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

in the Complaint, and nothing else.

As such, the Court should compel Defendant to provide *supplemental* responses.

## C. Defendant Should Be Compelled to Produce *Supplemental* Responses to Plaintiff's Request for Admissions (Set One)

### 1. Defendant Should Be Compelled to Produce *Supplemental* Responses to Plaintiff's Request for Admissions numbers 3 and 6

During the telephonic meet and confer, Defendant's counsel Mr. Hornback promised that he would check with the Defendant as to whether it would provide *supplemental* responses to Plaintiff's Request for Admissions numbers 3 and 6. Mr. Hornback told Mr. Mashiri that he would get back to him within 10 days. Mashiri Decl. ¶ 14; Exh. 4. Mr. Hornback never got back to Mr. Mashiri as promised. As a result, Plaintiff is unsure whether or not Defendant will produce *supplemental* responses to the request for admissions, forcing Plaintiff to file this instant motion.

In any event, for the reasons stated below, this Court should compel Defendant to provide *supplemental* responses to Plaintiff's Request for Admissions numbers 3 and 6.

## REQUEST FOR ADMISSION NO. 3:

Admit that DEFENDANT is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

## RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Alltran objects to this Request to the extent it improperly calls for the admission of a legal conclusion. Subject to and without waiving said objections, Alltran lacks sufficient information to fairly admit or deny this Request and therefore denies the same. Investigation continues.

## DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES

### a. Relevancy

This is a class action case under the FDCPA. This request is relevant here because the FDCPA only applies to a debt collector as defined under 15 U.S.C.

MEMORANDUM OF POINTS AND AUTHORITIES

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

section 1692a(6).   Accordingly, in order for Plaintiff to state a claim under the FDCPA, she must prove that Defendant is a debt collector under the FDCPA.  *See Akram v. California Business Bureau Inc*., 2016 WL 7029262 at *2 (S.D. Cal. Oct. 3, 2016).  Therefore, this request is relevant.

### b.   Defendant's Response and Objection are Meritless

Instead of answering the question, Defendant stated an objection and then proceeded to state that it "lacks sufficient information" to admit or deny this request.

First, Defendant's objection that this "calls for the admission of a legal conclusion" is meritless.  Defendant must state an objection with specificity.  *Hernandez,* 2017 WL 1957567, at *3.  In other words, Defendant must state facts to support its objection and show how this request is premature, overly broad, and unduly burdensome.  *Id*.; *Puricelli,* 136 F.R.D. at 396; *Chubb,* F.R.D. at 67 *Heilman,* 2017 WL 491737 at *1.

Defendant has failed to state a single fact as to how this request calls for a legal conclusion.  This is improper.  *Id*.

Second, Defendant's response that it "lacks sufficient information" is absurd. Defendant should know whether or not it is a debt collector as defined by the FDCPA.  If Defendant believes that it is not a "debt collector" it should have simply denied the request.

As such, the Court should compel Defendant to provide *supplemental* responses.

### REQUEST FOR ADMISSION NO. 6:

Admit that DEFENDANT sent collection letters in the form represented by EXHIBIT 1, to at least 40 residents within the State of California between May 25, 2016 to the present.

### RESPONSE TO REQUEST FOR ADMISSION NO. 6:

Alltran lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.   Investigation continues.

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

## DEFENDANT MUST PROVIDE SUPPLEMENTAL RESPONSES

### a. Relevancy

This is a class action case under the FDCPA.  This RFA is relevant here because Plaintiff needs to show numerosity under Rule 23(a)(1) since this is a requirement in order to get a class certified.  Generally, numerosity is satisfied when the class comprises 40 or more members.  *See Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988); *Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 588 (S.D. Cal. 2010).

Therefore, Plaintiff needs to know whether or not the collection letter at issue was sent to at least 40 residents in California.

### b. Defendant's Response is Meritless

Defendant's response that it "lacks sufficient information" is troubling. Defendant should know whether or not it sent collection letters in the form of Exhibit 1 to at least 40 residents within the State of California.

As such, the Court should compel Defendant to provide *supplemental* responses.

## D. Request For Sanctions against Defendant

When a party is forced to move to compel another party to substantially comply with discovery, monetary sanctions shall be awarded.   Federal Rule of Civil Procedure 37 sets forth the various sanctions a court can impose on a party for failure to "obey an order to provide or permit discovery." Fed. R. Civ. Proc. 37(b)(2)(A). The Rule provides:

> Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. Proc. 37(b)(2)(C) (emphasis added).

Sanctions for violations of Rule 37 may be imposed for negligent conduct. *See*

Fed.R.Civ.P. 37(b); *Fjelstad v. American Honda Motor Co., Inc*., 762 F.2d 1334, 1343 (9th Cir. 1985); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994). The lack of bad faith does not immunize a party or its attorney from sanctions, although a finding of good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust and the severity of the sanctions. *See Hyde & Drath*, 24 F.3d at 1171.

Plaintiff's counsel has engaged in good faith attempts to informally resolve the discovery issues. Plaintiff's attempt to convince Defendant to provide *supplemental* responses to Plaintiff's Interrogatories, Request for Production of Documents, and Request for Admissions has proven unsuccessful. This information is necessary in order to proceed with depositions and other discovery, and effectively prepare for the class certification motion. Without this crucial information, Plaintiff is not in a position to take any depositions in order to prepare and file a motion for class certification, which is due on or before February 2, 2018.

Therefore, Plaintiff has been left with no other option but to seek the assistance of the Court, and is therefore entitled to monetary sanctions for the time spent in seeking formal enforcement to compel Defendant's good faith participation.

In all, Plaintiff's counsel, Mr. Mashiri, has expended approximately 9 hours in pursuit of this matter, including drafting this Motion and his declaration and supporting exhibits. Plaintiff counsel's hourly billing rate in this matter is $300.00 and the total attorney's fees are $2,700.00 (9 hours x $300.00 equals to $2,700.00). Mashiri Decl. ¶ 23. Therefore, Plaintiff requests that Defendant be ordered to pay monetary sanctions to Plaintiff in the sum of $2,700.00

## V.   CONCLUSION

Accordingly, for the reasons provided above, Plaintiff respectfully requests that the Court compel Defendant to provide *Supplemental* responses to: (1) Interrogatories numbers **1, 2, 5, 6, 11, 12, 14, 15**, and **16**; (2) Request for Production of Documents numbers **1 through 4, 6 through 10, 12, 13, 17, 18, 19 through 23, 24, 25, 26, 27**

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

MEMORANDUM OF POINTS AND AUTHORITIES

**through 30, 35** and **37 through 50**; and (3) Request for Admissions numbers **3** and **6**.

Plaintiff is also requesting sanctions under Rule 37 in the amount of $2,700.00 for being forced to bring this Motion, which could have been avoided had Defendant and its counsel kept their promise.

Respectfully Submitted,

DATED:  November 13, 2017                    **MASHIRI LAW FIRM**
                                             A Professional Corporation

                                             By: /s/Alex Asil Mashiri
                                             Alex Asil Mashiri
                                             Attorney for Plaintiff,
                                             Zohal Abdurahman

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939