# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZOHAL ABDURAHMAN, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLTRAN FINANCIAL, LP,<br>Defendant. | Case No.: 17cv1080-AJB (BLM)<br><br>**ORDER DENYING JOINT MOTION TO VACATE SANCTIONS ORDER AND DENYING DEFENDANT'S MOTION TO VACATE ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR LEAVE TO RESPOND TO PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF Nos. 16 & 17]** |

Currently before the Court are the parties' December 1, 2017 Joint Motion to Vacate November 28, 2017 Order [ECF No. 16], Defendant's December 1, 2017 Unilateral Motion to Vacate November 28, 2017 Order Granting Plaintiff's Motion to Compel and for Leave to Respond to Plaintiff's Motion to Compel [ECF No. 17], and Plaintiff's December 3, 2017 Opposition to Defendant's Unilateral Motion to Vacate the November 28, 2017 Order [ECF No. 18]. For the reasons set forth below, the parties' Joint Motion and Defendant's Unilateral Motion are **DENIED**.

1

## RELEVANT BACKGROUND

On November 8, 2017, counsel for Plaintiff, Mr. Alex Mashiri, and counsel for Defendant, Mr. Michael Hornback, contacted the Court regarding various discovery disputes concerning Defendant's responses to written discovery. ECF No. 11. In regard to the disputes, the Court ordered Plaintiff to file her motion to compel ("MTC") on or before November 13, 2017; Defendant to file its opposition on or before November 20, 2017; and Plaintiff to file her reply, if any, on or before November 29, 2017. Id. at 1-2. The Court further ordered Mr. Hornback to provide Defendant's supplemental discovery responses that were not in dispute to Plaintiff's counsel on or before November 20, 2017. Id. at 2.

On November 13, 2017, Plaintiff filed a MTC seeking an order from the Court requiring Defendant to further respond to (1) Interrogatories (Set One) numbers 1, 2, 5, 6, 11, 12, 14, 15, and 16; (2) Request for Production of Documents (Set One) numbers 1 through 4, 6 through 10, 12, 13, 17, 18, 19 through 23, 24, 25, 26, 27 through 30, 35 and 37 through 50; and Request for Admissions (Set One) numbers 3 and 6. ECF No. 12-1 at 9, 30-31. Plaintiff further requested that the Court order Defendant to pay $2700.00 in sanctions for the cost of bringing the motion. Id.

Defendant did not file an opposition on November 20, 2017 as ordered. See Docket. Defendant also did not provide supplemental discovery responses on or before November 20, 2017 as ordered. ECF No. 13. On November 21, 2017, Plaintiff filed a Notice of Defendant Alltran Financial LP's Noncompliance With This Court's Order Dated November 8, 2017. Id. In the notice, Plaintiff requested that the Court grant her motion in its entirety, including sanctioning Defendant and ordering Defendant to provide additional discovery responses within

five days. Id. at 2.  Plaintiff noted that as of November 21, 2017, she had not received any supplemental responses from Defendant.  Id.  Defendant did not file any response to this pleading.  See Docket.

On November 28, 2017, the Court issued an Order Granting Plaintiff's Motion To Compel Further Discovery Responses and Ordering Defendant to Pay Sanctions.  ECF No. 14.  The Order required Defendant to produce all responsive documents and to supplement the interrogatories and requests for admission by December 11, 2017.  Id. at 2-3.  The Order further required Defendant to pay $2,700 in monetary sanctions to Plaintiff by December 11, 2017 and to file a declaration verifying said payment no later than December 15, 2017.  Id. at 3-4.  Defendant was warned that "[f]ailure to comply with this order may result in additional sanctions against Defendant."  Id. at 4.

On December 1, 2017, the parties filed a Joint Motion to Vacate November 28, 2017 Order.  ECF No. 16.  The parties seek to vacate the sanctions portion of the Court's November 28, 2017 Order as part of a global resolution of the discovery issue [see ECF No. 14].  ECF No. 16 at 1.  In support, the parties explain that defense counsel, Mr. Hornback, was unaware of the briefing schedule [see ECF No. 11] for Plaintiff's MTC because "Defendant's local counsel, Mr. Hall Brehme IV, inadvertently failed to send Mr. Hornback the November 8, 2017 Scheduling Order."  ECF No. 16 at 2.  Mr. Hornback did not receive a copy of Plaintiff's motion until November 15, 2017 because he was out of the country with limited internet and computer access and did not learn of his opposition deadline until 6:00 p.m. on the day of the deadline.  Id. Defendant provided some supplemental responses to Plaintiff's discovery requests on November 22, 2017, however, the responses included the same objections described in Plaintiff's MTC and

Plaintiff deemed them to be unsatisfactory. Id. On November 29, 2017, Mr. Hornback spoke with Mr. Mashiri and the attorneys agreed to move to vacate the sanctions award and Defendant agreed to produce, on or before December 11, 2017, the responses and documents as ordered by the Court. Id. at 3.

On the same day, and shortly after filing the joint motion, Defendant filed a Unilateral Motion to Vacate November 28, 2017 Order Granting Plaintiff's Motion to Compel and for Leave to Respond to Plaintiff's Motion to Compel. ECF No. 17. Defendant seeks not only to vacate the sanctions portion of the Court's previous order, but also to vacate the remainder of the order requiring Defendant to respond to Plaintiff's discovery, "due [sic] the circumstances that led [sic] Mr. Hornback's failure respond to Plaintiff's Motion to Compel." Id. at 3. In support, Mr. Hornback first argues that during his call with the Court's law clerk and Mr. Mashiri, he stated that he would be able to supplement some of the discovery responses, but that the remainder would require additional time.[1] Id. at 1-2; see also ECF No. 17-1, Declaration of Michael J. Hornback in Support of Defendant's Unilateral Motion ("Hornback Decl."). In addition, Mr. Hornback argues that after Mr. Mashiri told the Court's law clerk that he would be prepared to file a MTC by November 13, 2017, Mr. Hornback informed the Court's law clerk that he would

---

[1] The Court's law clerk agrees that Mr. Hornback noted that he may need additional time to produce all of the requested information, but that he would provide some information by November 20, 2017. Counsel for the parties agreed that Mr. Mashiri would, out of an abundance of caution, include all outstanding requests in his motion to compel and that Mr. Hornback would produce what he could by November 20, 2017. If there were any outstanding issues after the supplemental production, Plaintiff would raise those issues in her reply or note that certain requests were no longer at issue. In reality, Defendant did not produce any supplemental responses at all by November 20, 2017 and failed to file an opposition. See Docket; see also ECF No. 18 at 9.

need "at least two weeks to provide any responses or supplemental discovery requests due to his overseas travels between November 10, 2017 and November 16, 2017."[2]  ECF No. 17 at 2; see also Hornback Decl. at 3-4.  Finally, Mr. Hornback reiterates his previous arguments made in the joint motion to vacate [see ECF No. 16] and states that Defendant's local counsel failed to send him the briefing schedule and that he received Plaintiff's motion when he was out of the country and had limited computer and internet access.  Id. at 2.

On December 3, 2017, Plaintiff filed an Opposition to Defendant's Unilateral Motion to Vacate the November 28, 2017 order.  ECF No. 18.  Plaintiff contends that the motion should be denied because "it [wa]s not brought in good faith and is contrary to Defendant's previous promise to comply with the November 28, 2017 Order" and because Defendant has not shown good cause for why the discovery order should be vacated.  Id. at 2.  Mr. Mashiri notes that he has tried to accommodate defense counsel throughout this case and that the filing of this motion by Defendant is a waste of time and shocking given that Plaintiff agreed to forego Defendant's sanctions "with the understanding that Defendant would provide adequate discovery responses in accordance with the Order."  Id.  Plaintiff notes that she considered withdrawing her joint motion to vacate the sanctions award, but will instead "defer to this Court in making the appropriate order regarding Defendant's sanctions as it deems necessary."  Id. at 3.  Plaintiff asks that the Court deny Defendant's unilateral motion and enforce its previous order regarding

---

[2] Neither the Court's law clerk nor Plaintiff's counsel recalls any such statement from Mr. Hornback.  ECF No. 18 at 7; see also ECF No. 18-1, Declaration of Alex Asil Mashiri at 3.  Even if Mr. Hornback made such a request, the Court is not required to set its briefing schedule to accommodate vacations or travel for other cases (counsel does not state why he was out of the country), especially in situations such as this one where the attorney who is making the request is not the counsel of record on the case or admitted to practice before this Court.

5

1 discovery. Id.

## **LEGAL STANDARD**

Defendant provides no legal basis or analysis for its motion to vacate. See ECF No. 17. Instead, Defendant simply lists a number of alleged facts and then concludes by stating that it "wishes to vacate the Motion to Compel" and "seeks leave to respond to Plaintiff's Motion to Compel with seven days." Id. at 3. This is both incorrect and legally insufficient. The Court issued an *order* granting Plaintiff's motion to compel so if Defendant wants to vacate anything, it would be the Court's order. If Defendant is seeking to vacate or otherwise challenge the Court's order, Defendant must provide a legal basis for its request and it did not do so.

"The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." Alve v. Kuzil-Ruan, 2015 WL 6159951, at *1 (S.D. Cal. Oct. 19, 2015) (citing Osterneck v. Ernst & Whinney, 489 U.S. 169 (1989) and In re Arrowhead Estates Dev. Co., 42 F.3d 1306, 1311 (9th Cir.1994)). "Such a motion is treated as a motion to alter or amend judgment under Rule 59(e) if it is filed within twenty-eight days of entry of judgment; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."[3] Victorino v. FCA US LLC, 2017 WL 4557193, at *1 (S.D. Cal. Oct. 12, 2017) (citing Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (referring to a previous version of Rule 59(e) requiring the motion to be filed within ten days of judgment instead of twenty-eight); and Fed.

---

[3] Defendant filed its motion within twenty-eight days of the order it is seeking to vacate. See ECF Nos. 14 (dated November 28, 2017) and 17 (dated December 1, 2017).

R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed within twenty-eight days after entry of judgment)).

The four basic grounds for a Rule 59(e) motion are:

> (1) the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence; (3) the motion will be granted if necessary to prevent manifest injustice, such as serious misconduct by counsel; and (4) a motion may be justified by an intervening change in controlling law.

Hupp v. San Diego Cty., 2014 WL 2865729, at *1 (S.D. Cal. June 24, 2014) (citing 11 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2810.1 (3d ed.1998) (internal citations omitted)). Fed. R. Civ. P. 60(b) permits a court to relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Additionally, pursuant to Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. Civ.L.R. 7.1(i)(1). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Id.

7

## DISCUSSION

Defendant's motion to vacate the Court's November 28, 2017 Order is **DENIED** with respect to both the Court-ordered discovery responses and the $2,700.00 in sanctions for the following reasons.

Defendant has not satisfied any of the requirements of Fed. R. Civ. P. 59(e) or 60(b) justifying relief from the Court's previous order. While Defendant does not identify the legal basis for its motion, it appears that Defendant is attempting to argue that it is entitled to relief based upon mistake or excusable neglect because one of its attorneys did not receive timely notice of the Court's order. Defendant acknowledges that one of its attorneys, T. Hall Brehme, IV, received timely notice of the Court's order but argues that Mr. Brehme failed to notify the second lawyer, Mr. Hornback, of the Court's order and filing deadlines and therefore Defendant did not comply with the Court's order. ECF No. 17 at 2; Hornback Decl. at ¶ 21. This argument fails for several reasons. First, Mr. Brehme is the only attorney of record for Defendant. See Docket. He also is the only attorney who has signed and filed motions on behalf of Defendant and only his name appears in the caption of Defendant's pleadings. See ECF Nos. 4, 9, 15-17, 21, and 28. While Mr. Hornback declares that he is "the lead attorney for this lawsuit," he is not actually admitted to practice before this Court and has not submitted the required paperwork to appear in this matter *pro hac vice*. Hornback Decl.; see also CivLR 83.3(c)(4).[4] As such,

---

[4] CivLR 83.3(c)(4) states

> Pro Hac Vice. An attorney not eligible for admission under Civil Local Rule 83.3.c hereof, but who is a member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any state or of any territory or insular possession of the United States, who is of good moral

8

Defendant received actual notice of the Court's order through its attorney of record and that attorney, Mr. Brehme, had the ability and responsibility to comply with the Court's order by producing the required discovery and, if necessary, opposing Plaintiff's motion to compel. Mr. Brehme apparently chose not to do so. Notably, Mr. Brehme did not file a declaration explaining what he did after receiving the Court's order or why he did not file an opposition or ensure that Defendant produced the required discovery and responses. See Docket.

Second, Mr. Hornback claims that he was unaware of the Court's scheduling order and his deadline to oppose until the date that the opposition was due and he blames his ignorance

---

character, and who has been retained to appear in this court, may, upon written application and in the discretion of the court, be permitted to appear and participate in a particular case. Unless authorized by the Constitution of the United States or acts of Congress, an attorney is not eligible to practice pursuant to this local rule if any one or more of the following apply to the attorney: (1) resides in California, (2) is regularly employed in California, or (3) is regularly engaged in business, professional, or other activities in California. The pro hac vice application must be presented to the clerk, along with an admission in the amount set by the judges of this court by general order. The fees must be deposited in the non-appropriated funds of the court and divided between the library fund and the pro-bono fund in the manner designated by such general order. The application must state under penalty of perjury (1) the attorney's city and state of residence and office address, (2) by what court(s) the attorney has been admitted to practice and the date(s) of admission, (3) that the attorney is in good standing and eligible to practice in said court, (4) that the attorney is not currently suspended or disbarred in any other court, and (5) if the attorney has concurrently or within one year preceding the current application made any pro hac vice application to this court, the title and the number of each matter wherein the application was made, and the date of application, and whether or not the application was granted. The attorney must also designate in the application a member of the bar of this court with whom the court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers will be served. The attorney must file with such application the address, telephone number and written consent of such designee.

on Mr. Brehme's failure to provide him with a copy of the Court's order. ECF No. 17 at 2; Hornback Decl. at ¶ 20-21. However, this explanation ignores the fact that Mr. Hornback participated in the discovery conference call and knew that the Court was going to issue a briefing schedule shortly after the call. See ECF No. 18 at 7-8. If Mr. Hornback wanted to handle the discovery opposition, he had an obligation to contact Mr. Brehme to obtain a copy of the Court's order and to learn the deadlines and requirements set forth in the Court's order. Mr. Hornback does not state why he did not contact Mr. Brehme and does not describe the efforts, if any, he made to ensure compliance with the order that he knew the Court was about to issue. See Hornback Decl. Mr. Brehme also does not address this issue.

Third, Defendant does not explain what efforts, if any, it made to comply with the Court's order after Mr. Hornback received notice of Plaintiff's motion to compel. See Hornback Decl.; see also ECF No. 17. Mr. Hornback states that on November 15, 2017, he received a copy of the ECF notice that Plaintiff filed a motion to compel. Hornback Decl. at ¶ 22. Mr. Hornback states that he was not able to open the documents in Mr. Brehme's email but he forwarded the email to his support staff with instructions to calendar the dates. Id. at ¶ 23. Mr. Hornback arrived home "early in the morning on November 16, 2017" [id. at ¶ 22] but apparently did not look at the Mr. Brehme's email, the attached documents, the Court's order, or the dates calendared by his support staff until late on November 20th, when his support staff notified him that Defendant's opposition was due that day. Id. at ¶ 25. Notably, Mr. Hornback does not address what actions, if any, he took to contact Mr. Brehme, Defendant, Plaintiff's counsel, or the Court regarding the Court's order or the pending discovery dispute and motion between November 16th and November 20th. See Hornback Decl. Mr. Hornback also does not state

what actions if any Mr. Brehme or Mr. Hornback's support staff took during that time period to ensure compliance with the Court's order. Id. Mr. Hornback also does not explain why he did not contact the Court or file a motion seeking additional time to oppose the motion at any time between November 20th when he learned of his error and November 28th when the Court ruled on the motion. Id. Mr. Brehme also does not explain what action, if any, he took in response to the missed deadline and receipt of Plaintiff's notice of Defendant's failure to comply with the Court's order.

Based upon the above analysis, the Court finds that Defendant has not established mistake, excusable neglect or any other reason justifying relief from the Court's order. Mr. Hornback, who is the only person who has filed a declaration on behalf of the Defendant and apparently is the only person who was unaware of the Court's order, is not an attorney of record for Defendant and has not filed the required *pro hac vice* application to appear in this litigation. Defendant, through its only attorney of record, received timely notice of the Court's order and Defendant failed to comply with the Court's order regarding both the production of discovery and opposing the motion to compel. Defendant does not provide sufficient facts to establish mistake or excusable neglect as there is no declaration from Mr. Brehme, the only attorney of record, and there are several conflicting or missing facts in Mr. Hornback's declaration. Defendant also fails to satisfy the standard for a motion for reconsideration under the Local Rules as Defendant has failed to show any "new or different facts and circumstances . . . . which did not exist, or were not shown" previously that supports the granting of a motion for reconsideration.

Finally, Defendant's conduct with respect to the parties' joint motion to vacate and

11

Defendant's subsequent unilateral motion to vacate undercuts Defendant's excusable neglect and good faith arguments. In the joint motion, signed and filed by Mr. Brehme on behalf of Defendant, Defendant agreed to "produce supplemental discovery responses and documents as ordered by this Court in its November 28, 2017 Order by or before December 11, 2017." ECF No. 16 at 3. In exchange, Plaintiff agreed to support Defendant's motion to vacate the monetary sanctions imposed by the Court. Id. Minutes later[5], Defendant filed its "unilateral" motion asking to be relieved of its obligation to produce the exact same supplemental discovery responses and documents it had just agreed to. ECF No. 17. In support of the unilateral motion, Mr. Hornback declares that he has "reached agreements [with Plaintiff's counsel] on many of the outstanding issues, including the vacating of the sanctions awarded in the November 28, 2017 Order. [ ] I have repeatedly requested that the entire order be vacated due [sic] the circumstances outlined above, but Mr. Mashiri has not agreed to these requests, although we are continuing to negotiate a mutual agreement for the discovery production." Hornback Decl. at ¶ 32. Shockingly, Mr. Hornback fails to mention his agreement set forth in the joint motion to "produce supplemental discovery responses and documents as ordered by this Court in its November 28, 2017 Order by or before December 11, 2017." ECF No. 16 at 3.

In Plaintiff's opposition to Defendant's unilateral motion, Plaintiff's counsel explains that the agreement set forth in the joint motion was a compromise based upon Mr. Hornback's strong desire to eliminate the monetary sanction so that it would not negatively impact his employment

---

[5] As the Notices of Electronic Filings ("NEF") Show, the joint motion "was entered [into the CM/ECF System] by Brehme, Thomas on 12/1/2017 at 5:29 PM PST and filed on 12/1/2017" while Defendant's unilateral motion "was entered [into the CM/ECF System] by Brehme, Thomas on 12/1/2017 at 5:35 PM PST and filed on 12/1/2017." NEF for ECF Nos. 16 and 17.

and Plaintiff's desire to ensure production of the discovery ordered by the Court. ECF No. 18-1 at 2-3. Mr. Mashiri states that he agreed to the joint motion as a "courtesy and act of professionalism" and that Mr. Hornback never mentioned during any of their conversations that he was going to file a motion to vacate the entire order. Id. at 3. Despite Defendant's failure to comply with the terms of the joint motion, which resulted in Plaintiff's counsel spending additional time and money to oppose Defendant's unilateral motion, Plaintiff remains willing to comply with the terms of the joint motion. ECF No. 18 at 2-3, 6.

While the Court applauds Plaintiff's willingness to stand by her original agreement, despite Defendant's failure to do the same, the Court cannot tolerate Defendant's conduct. See CivLR 83.4 ("Code of Conduct. The United States District Court for the Southern District of California is committed to the highest standards of professionalism and expects those standards to be observed by lawyers who practice before it."). Accordingly, the Court **DENIES** the parties' joint motion to vacate the award of monetary sanctions against Defendant. Defendant's Unilateral Motion to Vacate the Court's November 28, 2017 order also is **DENIED**. Defendant is **ORDERED** to pay $2,700 in monetary sanctions to Plaintiff by **January 22, 2018**. Defendant must file a declaration verifying said payment no later than **January 26, 2018**. Defendant is further **ORDERED** to produce by **January 16, 2018** all responsive documents and to supplement the interrogatories and requests for admission as the Court ordered in its November 28, 2017 order granting Plaintiff's MTC.[6] ECF No. 14.

---

[6] The MTC addressed (1) Interrogatories (Set One) numbers 1, 2, 5, 6, 11, 12, 14, 15, and 16; (2) Request for Production of Documents (Set One) numbers 1 through 4, 6 through 10, 12, 13, 17, 18, 19 through 23, 24, 25, 26, 27 through 30, 35 and 37 through 50; and Request for Admissions (Set One) numbers 3 and 6. See ECF No. 12-1 at 9, 30-31. If the parties reached

1     Failure to comply with this order may result in additional sanctions against Defendant.

2     **IT IS SO ORDERED**.

3 Dated: 1/9/2018

Hon. Barbara L. Major
United States Magistrate Judge

---

22 agreements regarding some of these requests after the Court's order [see e.g. 18-1 at ¶ 10-11], the parties should comply with those agreements.